ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ANDREW E. GOMES GOMES<br><br>QUERELLANTE RECURRENTE<br><br>V.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO ATLANTIS<br><br>QUERELLADOS RECURRIDOS | TA2026RA00303 | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.: C-SAN-2025-002223<br><br>Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, según enmendada |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante nos, Andrew E. Gomes Gomes (en adelante, "el recurrente"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución Sumaria"* emitida el 6 de abril de 2026 y notificada al día siguiente, por el Departamento de Asuntos del Consumidor (en lo sucesivo, por sus siglas, "DACo"). Mediante esta, el referido Departamento declaró *No ha Lugar* la Querella presentada por el recurrente. En consecuencia, ordenó el archivo y cierre de la causa de acción incoada por dicha parte.

Por los fundamentos que expondremos a continuación, *desestimamos* el presente recurso de revisión administrativa, por haberse presentado tardíamente.

A continuación, exponemos un resumen del tracto procesal relevante que nos lleva a desestimar el recurso presentado.

**I.**

Surge del expediente ante nos, que el 15 de junio de 2025, el recurrente presentó ante DACo la Querella de epígrafe. Entabló esta causa

de acción en contra del Consejo de Titulares del Condominio Atlantis. A través de la misma, cuestionó la multa que le fue impuesta como propietario de un inmueble destinado al alquiler a corto plazo.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 7 de abril de 2026, DACo notificó la *"Resolución Sumaria"* que hoy se nos solicita revisar. Mediante esta, DACo declaró *No ha Lugar* la Querella presentada por el recurrente.

En desacuerdo, oportunamente el 20 de abril de 2026, el recurrente presentó ante DACo una *"Moción de Reconsideración."* El referido petitorio fue declarado *No Ha Lugar* el 4 de mayo de 2026. En la misma fecha tal adjudicación fue notificada.

Aun en desacuerdo, el 4 de junio de 2026, el recurrente presentó ante este Tribunal un recurso de revisión administrativa.

Así las cosas, en aras de auscultar nuestra jurisdicción, el 8 de junio de 2026, notificamos una *"Resolución"* mediante la cual le concedimos al DACo un término de diez (10) días para que presentara copia certificada del expediente administrativo del caso de epígrafe.

En cumplimiento de lo anterior, el 17 de junio de 2026, el DACo presentó ante nos la requerida copia del expediente administrativo.

**II.**

**Jurisdicción y Presentación a destiempo de los Recursos:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30; *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *JJJ Adventure,*

*LLC v. Consejo de Titulares del Condominio Adaligia; Aseguradora X,* 2025 TSPR 123; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

**III.**

En el presente caso, el recurrente solicita la revisión de la "*Resolución Sumaria"* notificada por DACo el día 7 de abril de 2026. Tras recibir dicha notificación, el recurrente interrumpió el término para comparecer ante esta Curia con la presentación de una oportuna *"Moción de Reconsideración."* Entiéndase por lo anterior, que el recurrente cumplió con el término de veinte (20) días estatuido en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9655. Por su parte, DACo tomó una determinación en consideracion de la referida Moción dentro del término de quince (15) días dispuesto en la precitada Sección. Ante ello, el aludido Departamento emitió y notificó, el 4 de mayo de 2026, la "*Resolución en Reconsideración"* que adjudicó finalmente la *"Moción de Reconsideración,"* presentada por el recurrente.

Según surge del trámite procesal expuesto, este Tribunal solicitó copia certificada del expediente administrativo del caso de epígrafe a los fines de auscultar nuestra autoridad para revisar sus méritos. Tras

examinar dicho expediente, corroboramos que la adjudicación de la petición de reconsideración fue notificada a las partes en la misma fecha de 4 de mayo de 2026. Así surge de la propia *"Resolución en Reconsideración"* en la que DACo expresó haber remitido por correo, el día 4 de mayo de 2026, la notificación de la adjudicación del petitorio de reconsideración. Posteriormente, el 4 de junio de 2026, el recurrente presentó ante nos un recurso de revisión administrativa.

Sobre este particular, se hace necesario remitirnos a la Regla 57 del Reglamento del Tribunal de Apelaciones. La referida Regla establece que la parte que desee presentar un recurso de revisión administrativa deberá llevar a cabo tal gestión dentro del término jurisdiccional de treinta (30) días, contados a partir del archivo en autos de la copia de la notificación de la resolución que resuelve finalmente la moción de reconsideración. Si la fecha de archivo en autos es distinta al día en que la notificación fue depositada en el correo, prevalecerá la fecha en que ocurrió el referido depósito. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 80, 215 DPR ___ (2025). Además, obsérvese, 3 LPRA sec. 9655 y sec. 9672.

Al aplicar la esbozada normativa al tracto procesal ante nos, determinamos que el recurrente presentó de forma tardía su recurso de revisión administrativa. Ello, dado que, del 4 de mayo de 2026 al 4 de junio del año en curso transcurrieron treinta y un días (31). Por lo tanto, el recurrente radicó su recurso de revisión judicial fuera del término jurisdiccional de treinta (30) días dispuesto para ello. Ante este escenario, debemos necesariamente desestimar el recurso presentado, puesto que es normativa bien asentada que un recurso radicado tardíamente carece de eficacia jurídica.

**IV.**

Por los fundamentos que anteceden, *desestimamos* el presente recurso de revisión administrativa, por haberse presentado a destiempo.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones